## S. J. CLARK v. J. B. McKNIGHT.

Decided January 12, 1901.

1.—State School Land—Proof of Reclassification and Appraisement—Presumption from Record.

Where it appears from the statement of facts that the State school lands in controversy were reclassified and appraised, the dates thereof and the prices fixed being recited, it will be presumed in favor of the judgment that the reclassifications and appraisements were duly made by the proper authority, and objection to the effect that there had been no legal reclassification or appraisement and application to purchase in conformity thereto, unsupported by evidence in the bills of exception, or otherwise, can not be sustained.

2.—Same—Forfeiture—Improvements—Fixtures.

Improvements placed on State school land by a purchaser of such character as to become fixtures will pass to the State on a legal forfeiture of the contract of purchase.

3.—Improvements Claimed by Lessee.

Where one asserting right to State school land under a lease seeks, under Revised Statutes, article 4218s, to avoid a subsequent sale of the land by the State on the ground that he owned improvements on the land worth more than $200, and that he had bought such improvements from a prior owner, whose contract of purchase with the State had been forfeited, it devolved on him to show the extent and value of such improvements, and that they were in the nature of personalty.

4.—Same—Additional Lands—Lease Subordinated to Sale.

One who shows himself to be a purchaser of and actual settler upon a section of State school land, and a fair and regular purchase by himself from the State of an additional section of grazing lands situated within a radius of five miles of his home section, after due classification and appraisement thereof, is entitled to recover such additional sections from one claiming under a lease thereof who fails to show that he had placed or acquired improvements thereon of the value of $200.

Appeal from Childress.   Tried below before Hon. G. A. Brown.

*Stovall Johnson* and *Theodore Mack,* for appellant.

*Edward E. Diggs,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee in the District Court of Childress County on the 21st day of September, 1899, to recover of appellant the title and possession of State school land section No. 6, block No. 9, surveyed by the Houston & Great Northern Railway Company.   The petition was in the usual form of petitions in trespass to try title, to which appellant Clark interposed the plea of "not guilty."

Appellee McKnight was the owner of and an actual settler upon section No. 42, block 9, State school land, of the same survey, situated within a radius of five miles of the section in controversy, and as such claimed title and right to the latter by virtue of his application and obligation to purchase the same as additional lands, made on July 5, 1899.   Appellant Clark claimed as the assignee of one W. R. Harvey, who, on August 4, 1898, had leased said section 6 from the State for the term of five years, and whose lease had been duly filed and recorded in Childress County, August 6, 1898.

After the introduction of the evidence, the court peremptorily instructed the jury to find for the plaintiff, McKnight, which the jury accordingly did; and appellant Clark duly brings this cause before us on appeal from the judgment in McKnight's favor, assigning errors to the several proceedings below as hereinafter stated.

The first and third assignments of error question the court's action in admitting the classification and appraisement of appellee's home section, No. 42, and the classification and appraisement of section 6, the additional land applied for by him, on the ground, substantially, that it appeared from the certificate of the Commissioner of the General Land Office to said classifications and appraisements that section 42 "was classified and appraised at $2 per acre, and has never been changed," and that section 6 "had never been classified nor appraised."   The second and fourth assignments are dependent on the first and third; it being therein insisted, in substance, that appellee's applications and obligations did not conform to any legal classification and appraisement.   The materiality of the questions thus presented is of course apparent, but the difficulty in a determination thereof in appellant's favor lies in the fact that the record fails to sustain the objection made.   The bills of exception taken by appellant to the introduction of this testimony fail to set out the appraisements and classifications in question, or the certificate thereto mentioned in his objections, and, as evidenced by the statement of facts, it appears that prior to 1897 section 42 was duly classified as dry agricultural land and appraised at $2 per acre, and so remained until August 20, 1897, when the appraisement was "changed to $1.50 per acre, in con-

formity to the minimum price fixed by the Act of 1897 for sale of agricultural school lands," and on September 16, 1897, was "reclassified as dry grazing land;" and that section 6 had likewise been classified as dry agricultural land and appraised at $2 per acre November 30, 1887, and so remained until August 20, 1897, "when the price was changed to $1.50 per acre, as per minimum fixed by Act of 1897," and so remained until April 18, 1898, when the north one-half of section 6 "was reclassified as dry grazing land and appraised at $1 per acre." In this state of the record we must assume in aid of the court's action that the reclassification and appraisements mentioned were duly made, and, it not appearing that appellee's applications, affidavits, etc., were not in conformity therewith, said assignments from one to four inclusive are all overruled.

It appears from the evidence that sections 42 and 6 had been sold under the Act of 1887, and acts amendatory thereof, and afterwards duly forfeited by the Commissioner of the General Land Office for nonpayment of interest due the State for the year ending August 1, 1894, and appellant offered to prove by W. R. Harvey, under whom he claims, that said Harvey owned said section 6 at the time of its said forfeiture and then had thereon improvements of "more than the value of $1500," and that said Harvey, after said forfeiture "had put on the said land" improvements of "more than the value of $200." The rejection of this evidence is made the basis of appellant's fifth assignment of error.

The trial judge, in explanation of the bill of exceptions taken to the exclusion of this testimony, says, "that the witness Harvey stated in connection with the proof offered that the improvement made by him after the forfeiture was made prior to the leasing of the land from the State, and was not made while he was the lessee thereof from the State." The state of the proof as it appears in the statement of facts was: "Some little improvements was put on this section (section 6) by Harvey after he leased from the State, and some were put on it by defendant (Clark) after his purchase from Harvey, and prior to plaintiff's application to purchase, but the improvements were of little value."

Appellant's contention is, in substance, that the forfeiture of the sale to Harvey declared by the Commissioner did not divest him of the improvements thereon then owned by him, and that appellant, by assignment of Harvey's lease afterwards taken out, acquired title thereto. In the case of Sims v. Wright, 56 Southwestern Reporter, 110, the Court of Civil Appeals for the Fourth District, in an opinion by Fly, Justice, held that the declaration of forfeiture by the Commissioner of the General Land Office cut off all equities of the purchaser. Without wishing to be understood as approving this decision in its broadest sense, we nevertheless think and have distinctly indicated that improvements placed on school lands by a purchaser of such character as to become fixtures will pass to the State on legal forfeiture of the contract of purchase, together with the land of which they constitute a part. See Shelton v. Willis,

23 Texas Civil Appeals, 547. If appellant desired to defeat appellee's application to purchase section 6 by reason of improvements placed thereon by Harvey, and thus bring himself within the spirit, perhaps, of the second clause of the exception contained in article 4218s, Revised Statutes, the burden was upon him to show that such improvements were of such a character, or had been placed on said section by Harvey with such intent and under such circumstances as to show their personal character, and that the same did not vest in the State at the time of the forfeiture shown, nor at the time placed thereon by Harvey, but that, on the contrary, such improvements duly passed to him, appellant, as the owner. Shelton v. Willis, supra. No evidence of such tendency was offered so far as we are able to judge from the bill of exceptions or statement of facts; and hence, we are unable to say that appellant has legal ground of complaint in the rejection of the evidence offered in the bill.

In the remaining assignment it is insisted that the court erred in peremptorily instructing the jury to return a verdict for appellee. We think this assignment also must be overruled. The evidence admitted of no other finding. It established appellee's ownership of and actual residence upon said section 42; that section 6, involved in this suit, was State school land duly classified, appraised, and placed upon the market for sale, and within a radius of five miles of appellee's home section; that appellee made due application to purchase the same which, with the obligation and first payment required by law, was properly forwarded and deposited with the proper State officers. The right to recover was thus established, notwithstanding the existence of the lease interposed by appellant, it not appearing that he had placed or acquired improvements thereon of the value of $200. Rev. Stats., arts. 4218f, 4218s; Gen. Laws 1897, p. 184.

Finding no error in the proceedings, the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.